IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LEMORIAL SILK,**

    Petitioner,

v.                                                                                               Civil Action No. **3:08cv271**

**GENE M. JOHNSON,**

    Respondent.

## MEMORANDUM OPINION

Lemorial Silk ("Petitioner"), proceeding *pro se*, filed this 28 U.S.C. § 2254 petition. Petitioner contends that the failure to award him an eighteen-day extradition sentence credit in 1996 rendered the December 3, 2000 revocation of his mandatory parole and subsequent good-time revocation unconstitutional. Respondent filed a motion to dismiss on the grounds that, *inter alia*, Petitioner's claims are procedurally defaulted. Petitioner has filed a response and a motion to amend. The matter is ripe for disposition.

### I. Procedural History

Petitioner is currently incarcerated pursuant to the Virginia Parole Board's ("VPB") decision to require him to serve the remainder of his active sentence. Petitioner was first sentenced to a term of incarceration in 1981, when Petitioner was convicted in various Richmond City courts of larceny, fraud, robbery, and unauthorized use of a motor vehicle. Petitioner was paroled on April 15, 1983. In 1984, Petitioner was convicted in various Richmond courts of auto theft and traffic offenses. On May 24, 1984, the Virginia Parole Board ("VPB") revoked his parole. The VPB released Petitioner to parole again on August 7, 1987. On October 26, 1988, the Richmond City Circuit Court imposed a five-year active sentence for possession of heroin.

The VPB revoked Petitioner's parole on January 12, 1989. On May 17, 1993, Petitioner was released on discretionary parole for a third time.

Petitioner subsequently violated his discretionary parole by entering the State of New Jersey. The Commonwealth of Virginia issued a parole violation warrant and, on February 2, 1996, Petitioner was arrested in New Jersey. The State of New Jersey held Petitioner from February 2, 1996, until his transfer to the custody of the Virginia Department of Corrections ("VDOC") on February 20, 1996. Petitioner was released on mandatory parole[1] on November 30, 1999, with one year of supervised release.[2]

On November 27, 2000, the VBP issued a parole violation warrant. On September 4, 2001, the Hanover County Circuit Court sentenced Petitioner to a forty-two month active sentence for possession of cocaine. On September 11, 2001, the Richmond City Circuit Court sentenced Petitioner to an additional six-month sentence for larceny. On November 16, 2001, the VPB revoked Petitioner's parole and required him to serve the remainder of his active sentence, which amounted to 11 years, 10 months, and 29 days.[3] (Respt.'s Br. in Supp. of Mot. to Dismiss Ex. 2 ¶ 22.) Nothing in the record suggests that Petitioner appealed the VPB's decision.

---

[1] Unlike discretionary parole, which requires an assessment of an offender's suitability for release, mandatory parole is presumptively granted on the date that a prisoner's earned good-time credit, plus the amount of time actually served, equals the total sentence minus six months. *See* Va. Code. Ann. § 53.1-159 (discussing mandatory release date); *Amin v. Pruett*, 930 F. Supp. 1121, 1125 n.6 (E.D. Va. 1996) (discussing Virginia parole scheme).

[2] Although the submitted state court records do not disclose the length of Petitioner's supervised release, Respondent does not dispute Petitioner's claim that he was subject to one year of supervised release.

[3] Virginia law grants the VPB discretion to require a prisoner whose mandatory parole is revoked "to serve the full portion of the term imposed by the sentencing court which was unexpired when the prisoner was released on parole." Va. Code. Ann. § 53.1-159; *see also Warren v. Baskerville*, 233 F.3d 204, 206-07 (4th Cir. 2000).

More than six years later, on October 19, 2007, Petitioner filed a state habeas application. Petitioner claimed that, had VDOC correctly awarded extradition credit for the eighteen days Petitioner spent incarcerated in New Jersey in 1996,[4] he would have been released earlier. Petitioner's one-year supervised release period would thus have already expired on November 27, 2000, denying the VPB jurisdiction to revoke Petitioner's parole and require him to serve the unexpired portion of his sentence. On April 2, 2008, the Supreme Court of Virginia dismissed the application without analysis as time-barred. *Silk v. Dir. of the Dep't of Corr.*, No. 072258 (Va. April 2, 2008) ("*State Hab. Op.*") ("Finding that the petition for writ of habeas corpus was not timely filed, the Court dismisses said petition in the above-styled case. Code § 8.01-654(A)(2).").

## II. Grounds for Federal Habeas Relief

On May 2, 2008, Petitioner filed this federal habeas petition. Petitioner argues, as he did on state habeas review, that his current sentence is void because, under Virginia law, VDOC lacked jurisdiction to revoke his parole.[5] Petitioner's claim rests on the improperly denied extradition credits. Petitioner reasons that "the denied jail credits had the affect [sic] of extending Petitioner's mandatory, and final release date, as well as [being] the determining factor of when Petitioner's mandatory parole supervision would end." (Br. in Support of Pet. ¶ 24.) Thus, Petitioner would not have been subject to supervised release when the parole violation

---

[4] On December 10, 2007, New Jersey authorities certified that Petitioner was held only pursuant to the Virginia warrant. Accordingly, VDOC awarded Petitioner a credit for the time he was incarcerated and awaiting extradition. (Respt.'s Mem. in Supp. of Mot. to Dismiss Ex. 2 ¶ 27; Ex. 2 Enc. C 5.)

[5] Petitioner seeks leave to amend his original petition to include an additional exhibit and additional argument as to why his mandatory parole revocation violated state law. The motion to amend (Docket No. 13) will be GRANTED.

warrant issued had the VPB not miscalculated his sentence. Petitioner argues that his current incarceration therefore violates the Due Process Clause,[6] the Eighth Amendment[7], the Equal Protection Clause,[8] the Double Jeopardy Clause,[9] and the Sixth Amendment.[10] Respondent contends, *inter alia*, that Petitioner's claims[11] are procedurally defaulted.

### III. Exhaustion and Procedural Default

"In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997)). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his

---

[6] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

[7] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[8] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[9] "No person shall . . be subject for the same offence to be twice put in jeopardy of life or limb. . . ." U.S. Const. amend. V.

[10] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[11] Respondent's motion to dismiss does not include a section construing Petitioner's claims. Neither party, however, disputes that Petitioner currently brings the same claims that were denied by the Virginia Supreme Court.

claim to the state's highest court." *Matthews*, 105 F.3d at 911 (*citing Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A state rule is adequate if it is "regularly or consistently applied by the state court," and independent if it does not rely on a rule of federal constitutional law. *Mu'Min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1994) (*citing Johnson v. Mississippi*, 468 U.S. 578, 587 (1989); *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)). "After determining that a state court relied on an adequate and independent state-law ground for decision, [courts] 'may . . . not [inquire] into whether the state court properly applied its own law.'" *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) (*citing Barnes v. Thompson*, 58 F.3d 971, 974 n.2 (4th Cir. 1995)).

The Supreme Court of Virginia found that Petitioner raised his claims in a state habeas petition that was filed outside the statute of limitations.[12] *State Habeas Op.* The Virginia statute

---

[12] The applicable statute provides that:
> A [habeas petition] other than a petition challenging a criminal conviction or sentence, shall be brought within one year after the cause of action accrues. A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01-654(A)(2) (West 2009).

of limitations for habeas applications is an adequate and independent state ground for denying a claim. *See Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006). Petitioner's claim is therefore procedurally defaulted.

Absent a showing of cause and prejudice or a fundamental miscarriage of justice due to Petitioner's actual innocence, this Court cannot review the merits of a procedurally defaulted claim. *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *Harris v. Reed*, 489 U.S. 255, 262 (1989).[13] "Cause" in this context means an "objective factor external to the defense" sufficient to thwart an actual attempt to correctly file the claims in state court. *McNeill v. Polk*, 476 F.3d 206, 214 (4th Cir. 2007) (*citing Richmond v. Polk*, 375 F.3d 309, 324 (4th Cir. 2004)). Mere failure to discover the factual basis of the claim does not establish cause. *McCleskey v. Zant*, 499 U.S. 467, 493-94 & 498 (1991) (describing "cause" inquiry in abuse of writ context, which is governed by same standard, as "whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim"); *Rose v. Lee*, 252 F.3d 676, 687 (4th Cir. 2001) (reiterating rule that "a petitioner cannot establish cause when the facts underlying the claim were in existence and were available upon a reasonably diligent search") (*citing Murphy v. Netherland*, 116 F.3d 97, 100 (4th Cir. 1997)) ; *see also In re Williams*, 364 F.3d 235, 239 (4th Cir. 2004) (defining "cause" in abuse of writ context as "an 'external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, . . . [that] prevented petitioner from raising the claim.'" (*quoting Noble v. Barnett*, 24 F.3d 582, 585

---

[13] Petitioner does not argue that he is actually innocent. *See United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) ("[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." (*citing Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

(4th Cir. 1994) (alteration in original)). Rather, the basis of the claim must have been objectively unavailable to a reasonably diligent party. *See, e.g., Banks v. Dretke*, 540 U.S. 668, 695 (2004) (finding cause where prosecution falsely represented that all *Brady* material was disclosed); *Strickler v. Greene*, 527 U.S. 263, 282-85 (1999) (finding cause for failure to present *Brady* claim where prosecutor did not include exculpatory material in file, in contravention of open file policy; existence of policy rendered suppression akin to active concealment, and petitioner had no reason to conclude that such material existed and had been suppressed); *Amadeo v. Zant*, 486 U.S. 214, 218, 221 (1988) (affirming district court's finding of cause where scheme to underrepresent minorities on jury panels without statistical detection was actively suppressed, and only discovered in separate civil action); *cf. Murray v. Carrier*, 477 U.S. 478, 488 (1986) (explaining that showing of "'some interference by officials' [that] made compliance [with the state procedural rule] impracticable" constitutes cause (*quoting Brown v. Allen*, 344 U.S. 443, 486 (1953))).

Petitioner alleges that he did not receive certain legal updates from which he could have discovered that he had been denied good-time credit. However, he does not explain why he failed to obtain these updates on his own initiative in the course of deciding whether to challenge his parole revocation. Importantly, he does not allege ever requesting a time calculation update. Indeed, Petitioner claims in his motion to amend that he only recently received the December 1, 1999 legal update sheet without offering any explanation as to why he could not have obtained it earlier. (Petr.'s Mot. to Amend ¶ 9 & Ex. AAI.) As the December 1, 1999 legal update was not submitted in the course of this litigation, Petitioner likely has some access to his own legal updates. *See Rose*, 252 F.3d at 687-88 & n.10 (remarking that ease with which counsel

discovered the facts upon which claim relied, after considering the legal basis for such an argument, showed a lack of cause for procedural default). He therefore fails to show that the basis for his claim was "not reasonably available" during the state habeas limitations period. *See Murray*, 477 U.S. at 488 (*citing Reed v. Ross*, 468 U.S. 1, 16 (1984)).

Petitioner argues that his claim cannot be procedurally defaulted because it goes to the VPB's subject matter jurisdiction. Petitioner, however, offers as authority for this proposition only Virginia cases evaluating jurisdiction *ab initio*, a procedural posture other than that before the Court. (Petr.'s Resp. to Respt.'s Mot. to Dismiss ¶ 34.) A claim that a state court lacks jurisdiction under *state* law presents no federal constitutional issue for habeas review. *See Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994); *Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *United States ex rel. Herrington v. Mancusi*, 415 F.2d 205, 209 (2d Cir. 1969); *Griffin*, 518 F. Supp. 2d at 677 (explaining that "[w]hether a state court has subject matter jurisdiction over an offense is a question of state law"). For that reason, Petitioner's underlying claims are not cognizable on habeas review. *See Roach v. Angelone*, 176 F.3d 210, 216 (4th Cir. 1999).

Indeed, federal courts have applied the procedural default rule to claims that state courts lacked jurisdiction. *See, e.g., Hardeman v. Boone*, No. 94-7127, 1995 WL 147514, at *4 (10th Cir. Mar. 21, 1995) (applying procedural default to claim that state court lacked jurisdiction under state law); *United States ex rel. Holliday v. Sheriff of Du Page County, Ill.*, 152 F. Supp. 2d 1004, 1011-12 (N.D. Ill. 2001) (same); *cf. Griffin v. Padula*, 518 F. Supp. 2d 671, 677 (D.S.C. 2007) (finding jurisdictional argument on habeas review untimely in part because "[w]hile a federal court is obligated to raise questions concerning its own subject matter jurisdiction *sua sponte* in all cases . . . this principal does not extend to *sua sponte* examination" of the state law

question of the state court's subject matter jurisdiction by a federal court). Petitioner's argument lacks merit.

Petitioner also argues that section 8.01-654(A)(2) of the Virginia Code does not apply to his petition because he is challenging the duration of his confinement and the VPB's jurisdiction, not his original conviction or sentence. In any event, section 8.01-654(A)(2) clearly provides a one-year statute of limitations for petitions for writs of habeas corpus "other than a petition challenging a criminal conviction or sentence." Petitioner has failed to demonstrate cause for failing to comply with this limitation period.

### IV. Conclusion

In light of the foregoing, Respondent's motion to dismiss will be GRANTED. (Docket No. 6.) The motion to amend will be GRANTED. (Docket No. 13.) The petition for a writ of habeas corpus will be DENIED, and the action will be DISMISSED.

An appropriate Order shall issue.

/s/ MHL
M. Hannah Lauck
United States Magistrate Judge

Date: 3/20/09
Richmond, Virginia